IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Jones, | ) C/A No.: 0:12-1136-JMC-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Harry Devoe, *State Employee*, | ) **RECOMMENDATION** |
| Defendant. | ) |

The plaintiff, Nathaniel Jones, ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. At the time of filing, Plaintiff was incarcerated at the Evans Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

In this matter, Plaintiff sues Harry Devoe, an attorney, claiming that he violated Plaintiff's Sixth Amendment rights. (Compl., ECF No. 1 at 3.) Plaintiff states, in part, as follows:

> "[t]he Defendant Harry Devoe And His Co-defendant Amy hand Assistant Solicitor Shared the Same Conspiratorial Objective He breach his duty And failed to Instructed the Jury on Defense of Accident after the testimony of Nelson Avelia and Terry Witrell who Identify this As An Accident And His Co-defendant Amy hand Breach her duty . . . after She Knew that her Client gave false testimony. The Defendant And his Co-Defendant had A Common And Unlawful Plan, they Acted Jointly in Concert to go forward And Unreasonable Seized liberty, they Positively And tacitly Came to this mutual

PJG

> Understanding to breach their duty And go forward to Unreasonable Seized Liberty And deprived the Plaintiff of A Constitutional Right. The Plaintiff Jones was Charged with . . . Assault On A Correctional Facility employee. The Jury found the Plaintiff guilty of throwing a food tray with hot grits at Gladys Scott."

(Id. at 3-4.)

Plaintiff goes on to allege that:

> "Ms. Scott did not have Any Permanent Injuries As a result of the Incident. The Confrontation between officers Scott and the Plaintiff Jones took place after Jones cut in the Cafeteria line at breakfast. Ms. Scott denied grabbing the Plaintiff's Jones food tray. Lieutenant Nelson Avelia, Another Correctional employee in the Cafeteria with Jones And Scott at the time of the Incident, testified that Scott grabbed the food tray from Jones, Avelia admitted that He did not See Jones throw grits at Scott."

(Id. at 4.)

Plaintiff states in his Complaint that he let go of the tray because Scott was pulling on it. When he let go of the tray "the grits came up." (Id.) The Plaintiff alleges that Devoe "[b]reach[ed] his duty And failed to Request An Accident Charge." (Id.)

Plaintiff further states that Scott presented false testimony insofar as she denied grabbing the Plaintiff's food tray. (Id.) Plaintiff argues that "the defendant did not Perform a normal degree of Skill, Knowledge, And Professional Judgment that is expected of an Attorney who practice Criminal Law. The Defendant representation was deficient by not requesting An Accident of Defense And He Violated the Plaintiff Sixth Amendment Right." (Id. at 5.) Plaintiff alleges he was sentenced to three (3) years consecutive. (Id. at 6.) He seeks damages. (Id. at 7.)

It is not clear from the pleadings if Plaintiff is challenging the actual criminal proceedings, or if he filed an application for post-conviction relief ("PCR") and is unhappy with the result of the PCR.

*PJG*

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to 28 U.S.C. § 1915A(a). Under that provision, the court must review, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. The statute also directs the court to identify cognizable claims, or dismiss the complaint if it is one which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(2)

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Insofar as the plaintiff's subsequent conviction and related state court proceedings are concerned, the § 1983 complaint is subject to summary dismissal based on the United States Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1997), because a

*PJG*

right of action has not yet accrued. With respect to actions filed pursuant to 42 U.S.C. § 1983, the Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87; see also Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995) ("Therefore, in light of Heck, the complaint was properly dismissed for failure to state a claim."); Woods v. Candela, 47 F.3d 545 (2d Cir. 1995) (*per curiam*) (plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed).

Additionally, Plaintiff cannot proceed against the defendant because the defendant did not act under color of state law. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) (As a matter of substantive constitutional law the

state-action requirement reflects judicial recognition of the fact that "most rights secured by the Constitution are protected only against infringement by governments . . .") citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 156 (1978).

Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, and because the sole defendant did not act under color of state law, this action must be dismissed for failure to state a claim.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without service of process. See 28 U.S.C. § 1915A (the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 12, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).